# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HARRY W. SNYDER, JR., | ) |
| | ) |
| | ) |
| vs. | ) CV No.: 2:05-cv-08004-UWC-JEO |
| | ) CR No.: 2:99-cr-00098-UWC-JEO |
| UNITED STATES OF AMERICA | ) |
| | |
| RENEE PEUGEOT | ) |
| | ) |
| | ) |
| vs. | ) CV No.: 2:05-cv-08005-UWC-JEO |
| | ) CR No.: 2:99-cr-00098-UWC-JEO |
| UNITED STATES OF AMERICA | ) |

## **MEMORANDUM OPINION**

The defendants were convicted on March 23, 2000, after a jury returned verdicts of guilty on all counts of the multi-count indictment. The defendants appealed their convictions and sentences. The Eleventh Circuit affirmed their convictions but reversed and remanded this matter for resentencing. Defendant Snyder was resentenced, *inter alia*, to serve 34 months incarceration. Defendant Peugeot was resentenced to serve 28 months custody. Because the defendants have young children, the court deferred execution of Peugeot's sentence until Snyder was released from custody.

The defendants each filed a motion to vacate, set aside, or correct their sentences premised on the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). The United States has moved to dismiss the motions based on the holding in *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005), that the *Booker* decision is not retroactively applicable to cases on collateral review. The defendants challenge the

correctness of the *Varela* holding and further state, if the court does find that it is without the power to grant the motions, that they be dismissed without prejudice "should the Eleventh Circuit or the Supreme Court hold Booker retroactive to cases on collateral review."

Subsequent to the filing of the defendants' replies, the Eleventh Circuit denied *en banc* review (*Varela v. United States*, 1443 Fed. Appx. 310 (11th Cir. 2005)) and the Supreme Court denied *certiorari* review in *Varela* (*Varela v. United States*, ___U.S___, 126 S. Ct. 312 (Oct. 3, 2005)). Accordingly, this court is without authority to grant the requested relief. The motions are therefore due to be denied. An appropriate order will be entered.

The Clerk of the Court is **DIRECTED** to serve a copy of this memorandum opinion upon counsel of record.

Done this 20th day of December, 2005.

_____
U.W. Clemon
Chief United States District Judge